UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

HSBC USA, NA as trustee for Numura
Asset Acceptance Corporation Mortgage
Pass Through Certificates, Series
2006-API
C/O America's Servicing Company
3476 Stateview Boulevard
Ft. Mill, SC 29715,

                                                CV-08-1280
                     Plaintiff,                 (CPS)(VVP)

     - against -
                                                MEMORANDUM
David Schwartz, Rivkah Schwartz a/k/a           OPINION AND
Rifkah Schwartz, Crachel Lowy, Fleet            ORDER
National Bank, JPMorgan Chase Bank,
New York City Department of Finance,
New York City Environmental Control
Board, New York City Parking Violations
Bureau, New York City Transit
Adjudication Bureau, New York State
Department of Taxation and Finance,
People of the State of New York, United
States of America Acting Through
the IRS,

                     Defendants.
----------------------------------------X
SIFTON, Senior Judge.

     Plaintiff HSBC Bank ("plaintiff") commenced an action for

foreclosure against David Schwartz, Rivkah Schwartz a/k/a Rifkah

Schwartz ("debtor" or "Schwartz"), and numerous other defendants[1]

in Supreme Court of the State of New York, Kings County ("State

Court") on June 19, 2006.  On March 28, 2008, debtor removed the

---

[1]  These defendants are Crachel Lowy, Fleet National Bank, JP Morgan
Chase Bank, New York City Department of Finance, New York City Environmental
Control Board, New York City Parking Violations Bureau, New York City Transit
Adjudication Bureau, New York State Department of Taxation and Finance, People
of the State of New York, and the United States acting through the Internal
Revenue Service.  Defendants, including the Schwartzes, will be referred to
collectively as "defendants".

action to this Court. Now before this Court is debtor's motion, by Order to Show Cause, to have the case referred to the Bankruptcy Court as an adversary proceeding and plaintiff's motion to remand the case to the State Court. For the reasons set forth below, debtor's motion is granted and plaintiff's motion is denied without prejudice to renewal before the Bankruptcy Court.

## Background

The following facts are taken from the submissions of the parties in conjunction with these motions.

Debtor and David Schwartz jointly own the property at 2122 Avenue N, Brooklyn, New York (the "property"). Carlebach Decl. ¶ 2. Debtor and David Schwartz are in the process of obtaining a divorce in New York State Supreme Court, Kings County. Debtor currently lives on the property with her and David Schwartz's three children. *Id*. ¶ 3.

On June 26, 2003, debtor and David Schwartz obtained a mortgage on the property in the amount of $1,000,000. Ex. A to Carlebach Decl. On August 23, 2005, David Schwartz obtained a power of attorney from the debtor. According to debtor, this power of attorney was obtained through fraud and duress. On August 26, 2005, David Schwartz obtained a second mortgage on the property in his and debtor's name, signing on behalf of debtor as her attorney-in-fact. This mortgage secured the sum of

$521,050.50.  *Id.*  These two mortgages were consolidated to form
a single mortgage and lien in the amount of $1,500,000.  *Id*.

Debtor and David Schwartz failed to make the monthly
mortgage payment on February 1, 2006.  When this failure was not
remedied, plaintiff commenced this action on June 19, 2006 in
State Court.  Debtor filed an answer on September 7, 2006, Ex. B
to Carlebach Decl., and was the only defendant to do so.[2]  On
October 13, 2006, plaintiff moved for summary judgment.  On
January 23, 2007, the State Court granted plaintiff's motion for
summary judgment, which was unopposed.  *See* Ex. C. to Gazzo Rep.
Aff.

On October 26, 2007, the State Court entered a Judgment of
Foreclosure and Sale, directing that the property be sold at
auction, which was scheduled for January 24, 2008.  Gazzo Rep.
Aff. ¶¶ 6-7; Ex. D to Gazzo Rep. Aff.

On January 23, 2008, debtor filed a Chapter 13 Petition in
the United States Bankruptcy Court for this district.  Ex. F. to
Carlebach Decl.  The foreclosure sale did not go forward.

On March 27, 2008, debtor filed a Notice of Removal and
removed the foreclosure action to this Court.  In the Notice of
Removal, debtor requested the matter be referred to the
Bankruptcy Court in which her Chapter 13 petition is currently

---

[2]  On August 23, 2006, debtor's attorney obtained an extension of time
to file an answer in the State Court in exchange for waiving defenses
regarding service and jurisdiction on behalf of debtor.  Ex. C. to Gazzo Aff.

pending. She also stated that, in her Chapter 13 petition, she

was seeking to discharge plaintiff's claim to the property based

on the mortgage on the ground that David Schwartz's power of

attorney was obtained through fraud and duress. On April 18,

2008, plaintiff moved to remand the case to the State Court. On

May 14, 2008, debtor moved, by an Order to Show Cause, for an

order referring this case to the Bankruptcy Court.

## Discussion

A. <u>Referral To The Bankruptcy Court</u>

Debtor argues that this case should be referred to the

Bankruptcy Court in which debtor's Chapter 13 petition is

currently pending, as requested in her Notice of Removal.

Section 157 of Title 28 of the United States Code provides,

in relevant part:

> (a) Each district court may provide that any or all
> cases under title 11 and any or all proceedings arising
> under title 11 or arising in or related to a case under
> title 11 shall be referred to the bankruptcy judges for
> the district.

> (b)(1) Bankruptcy judges may hear and determine all
> cases under title 11 and all core proceedings arising
> under title 11, or arising in a case under title 11,
> referred under subsection (a) of this section, and may
> enter appropriate orders and judgments, subject to
> review under section 158 of this title.

> (2) Core proceedings include, but are not limited to—

> (A) matters concerning the administration of the
> estate;

> (B) allowance or disallowance of claims against the
> estate or exemptions from property of the estate, and

estimation of claims or interests for the purposes of
confirming a plan under chapter 11, 12, or 13 of title
11 but not the liquidation or estimation of contingent
or unliquidated personal injury tort or wrongful death
claims against the estate for purposes of distribution
in a case under title 11;. . .

(E) orders to turn over property of the estate; . . .

(K) determinations of the validity, extent, or priority
of liens;. . .

(O) other proceedings affecting the liquidation of the
assets of the estate or the adjustment of the
debtor-creditor or the equity security holder
relationship, except personal injury tort or wrongful
death claims . . . .

28 U.S.C. § 157(a) and (b).

Actions "arise under" title 11 of the Bankruptcy Code if the
claims are "predicated on a right created by a provision of title
11." *Drexel Burnham Lambert*, 130 B.R. at 405, 407 (S.D.N.Y.
1991) (citation and internal quotation marks omitted).
Proceedings "arising in" a case under Title 11 are "those that
are not based on any right expressly created by title 11, but
nevertheless, would have no existence outside of the bankruptcy."
*Id*. Finally, courts have consistently held that a proceeding
relates to Title 11 if "the outcome of that proceeding could
conceivably have any effect on the estate being administered in
bankruptcy." *In re Tower Automotive, Inc*., 356 B.R. 598, 600
(Bkrtcy. S.D.N.Y. 2006) (citing *Pacor, Inc. v. Higgins*, 743 F.2d
984 (3d Cir.1984)). Undoubtedly the outcome of this case would
affect debtor's bankruptcy estate. Accordingly, it is at least

"related to" a case under Title 11.

On August 28, 1986, pursuant to 28 U.S.C. § 157(a), then

Chief Judge Weinstein issued the following Order:

> WHEREAS 28 U.S.C. § 157(a) provides that each district
> court may refer any or all cases under Title 11 and any
> or all proceedings arising under Title 11, or arising
> in or related to a case under Title 11, it is hereby
>
> ORDERED that all such cases and proceedings are hereby
> referred to the Bankruptcy Judges for this District,
> and it is further
>
> ORDERED that this Order shall be given effect nunc pro
> tunc as of July 10, 1984, and that the prior Orders of
> this Court dated July 12, 1984, and August 7, 1984,
> relating to such referral of cases and proceedings are
> hereby rescinded.

Eastern District Administrative Order 264.

Plaintiff argues that debtor litigated this action in the

State Court for over a year and one-half prior to filing for

bankruptcy on the eve of foreclosure. Plaintiff also seizes upon

debtor's statement that she intends to litigate the validity of

the mortgage lien in the bankruptcy court on the grounds that the

power of attorney was obtained by David Schwartz through fraud

and duress. Plaintiff contends that such an argument is barred

by the doctrine of *res judicata*, since the State Court already

granted a Judgment of Foreclosure and Sale.[3] Neither of

plaintiff's arguments address the propriety of referral under 18

---

[3] Debtor contends that the issue of fraud was not raised in the State
Court Action due to ineffective representation by her then counsel, who failed
to oppose plaintiff's motion for summary judgment. She also contends that she
could seek relief from this judgment in State Court under N.Y. C.P.L.R. §
5015(a).

U.S.C. § 157 or Order 264. Accordingly, I refer this case to the Bankruptcy Court before which debtor's Chapter 13 petition is currently pending.[4]

B. Remand

Debtor argues that the Bankruptcy Court should decide plaintiff's motion to remand. She argues persuasively that this case should have been referred in the first instance to the Bankruptcy Court, for the reasons set forth above, and accordingly, plaintiff's motion should be before the Bankruptcy Court. *See Tornheim v. Federal Home Loan Mortgage Corp.*, 1996 WL 374178, at *1 (S.D.N.Y. Jul. 01, 1996) (order denying motion to remand did not reach the merits of the motion because order simultaneously granted a change of venue to Bankruptcy Court). Plaintiff does not address this argument.[5]

---

[4] In addition to being irrelevant to the issue of referral, judicial economy also counsels in favor of not deciding the *res judicata* issue at this time. Due to the automatic stay provision of 11 U.S.C. § 362, plaintiff will be required to seek relief from the Bankruptcy Court prior to proceeding with any sale of the property, regardless of whether this action is before the State Court or the Bankruptcy Court. 11 U.S.C. § 362(a)(3)-(5). Undoubtedly in opposing this relief, debtor will argue that the mortgage lien is invalid and plaintiff will argue that debtor is barred from making such claims by the doctrine of *res judicata*. The Bankruptcy Court will therefore in all likelihood be required to decide the issue in due course.

[5] Instead plaintiff argues this action should be remanded because none of the other defendants has joined in debtor's notice of removal, because debtor agreed to waive all defenses regarding service and jurisdiction by stipulation, Ex. C to Gazzo Aff., because plaintiff has not made separate claims against each of the defendants, and because state courts have unique expertise in foreclosure actions.
Plaintiff also contends that remand is appropriate because debtor's claim that the power of attorney was obtained by fraud and duress is barred by the doctrine of *res judicata*. *See* footnote 4 *supra*.
Each of these arguments may be raised before the Bankruptcy Court.

As I do not decide plaintiff's motion for remand on the merits, it is accordingly denied without prejudice to renewal before the Bankruptcy Court.

## Conclusion

For the reasons set forth above, debtor's motion for referral of this action to the Bankruptcy Court before which her Chapter 13 petition is pending is granted and plaintiff's motion for remand is denied without prejudice to renewal before the Bankruptcy Court.  The Clerk is directed to transfer this case to the Bankruptcy Court as an adversary proceeding related to Bankruptcy Case No. 08-40353 (DEM), and to transmit a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          June 3, 2008

          By:  /s/ Charles P. Sifton (electronically signed)
                 United States District Judge